**CITIZENS FOR CONSTITUTIONAL FAIRNESS, an Oregon nonprofit corporation; et al., Plaintiffs–Appellees,**

v.

**JACKSON COUNTY, a political Subdivision of the State of Oregon, Defendant–Appellant,**

and

**Danny Jordan, Defendant,**

**Rogue Advocates; et al., Defendant-intervenors,**

v.

**State of Oregon, Third–party–defendant–Appellee.**

**No. 09–35653.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2010.

Filed July 20, 2010.

Robert Claude Robertson, Bob Robertson Law Firm, Medford, OR, Jack Herbert Swift, Esquire, Jack H. Swift, Attorney, Grants Pass, OR, William Lee Bernard, Office of Kane County Attorney, Kanab, UT, for Plaintiffs–Appellees.

Thomas Alton Brooks, Esquire, George Kevin Kiely, Esquire, Senior, Cable Huston Benedict Haagensen & Lloyd LLP, Portland, OR, George F. Hammond, James R. Kirchoff, Senior Counsel, Medford, OR, for Defendants–Appellants.

Denise Gale Fjordbeck, Assistant Attorney General, Stephanie Striffler, Office of the Oregon Attorney General, Salem, OR, for Third–Party–Defendant–Appellee.

Ralph Owen Bloemers, Cascade Resources Advocacy Group, Portland, OR, for Defendant-intervenors.

Before: KOZINSKI, Chief Judge, KLEINFELD and IKUTA, Circuit Judges.

MEMORANDUM [*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We reverse. At oral argument, appellees conceded that the Measure 37 waivers themselves were not contracts and argued that they were evidence of a contract between the property owners and the County. However the waivers do not show that there was any offer by Jackson County, acceptance by the property owners or consideration. *See C.R. Shaw Wholesale Co. v. Hackbarth,* 102 Or. 80, 201 P. 1066, 1067 (1921). Indeed, the waivers disavow any promise to the property owners: "Jackson County does not promise Claimant(s) that Claimant(s) will eventually be able to put the property to any particular use." ER–63–7. Because there is no contract, appellees fail to state a Contracts Clause violation.

Nor does Measure 49 implicate separation of powers doctrine. The waivers were administrative decisions, not court judgments.

**REVERSED.**